# United States District Court, Northern District of Illinois

H HN

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | 8-28-2008 |
|---|---|---|---|
| CASE NUMBER | 08 C 4837 | DATE | AUG 28 2008 |
| CASE TITLE | Derrick Cail (#2008-0001009) v. Cook County Department of Corrections | | |

### DOCKET ENTRY TEXT

Plaintiff's application to proceed *in forma pauperis* [3] is granted. This action is dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. The dismissal of this case does not count as a strike under 28 U.S.C. § 1915(g).

*/s/ Joan H. Lefkow*

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

   Plaintiff, Derrick Cail, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. §1983. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.
   However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law.

## STATEMENT

Plaintiff alleges that he was taken to Cook County Jail in January 2008. At that time, Plaintiff was required to give a correctional officer his clothing and shoes. In June 2008, Plaintiff was transferred to a different unit at Cook County Jail and learned that his clothes and shoes are missing. Plaintiff seeks return of his clothes and shoes.

A random and unauthorized deprivation of property by a state employee does not constitute a due process violation if the state provides a meaningful post-deprivation remedy. *See Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007); *Snyder v. Nolen*, 380 F.3d 279, 298 (7th Cir. 2004). The Illinois Court of Claims provides Plaintiff with an adequate remedy to redress his property loss. Plaintiff may also file an action in the Illinois Circuit Court for the tort of conversion. *See Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). Because the state has provided an adequate post-deprivation remedy, the loss of Plaintiff's property is not actionable under 42 U.S.C. § 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002). Thus, Plaintiff's lost property claim is dismissed for failure to state a federal claim.

Accordingly, the Court dismisses Plaintiff's complaint and Plaintiff's case is terminated. Because it appears that Plaintiff may have simply filed the instant suit in federal court, as opposed to state court, this Court does not issue a strike under 28 U.S.C. § 1915(g) for this dismissal. The dismissal of this case in no way comments on the merits of Plaintiff's claims.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate a "strike."